UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD STADMIRE,                    )        CASE NO. 1:15CV1883
                                     )
            Petitioner,              )        JUDGE JAMES G. CARR
                                     )
     v.                              )        Magistrate Judge George J. Limbert
                                     )
JOHN ERDOS, Warden,[1]               )
                                     )        REPORT AND RECOMMENDATION
            Respondent.              )        OF MAGISTRATE JUDGE
                                     )

        This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by Petitioner Richard Stadmire ("Petitioner") on August 28, 2015.[2]  ECF

Dkt. #2.  On January 27, 2016, Respondent Ronald Erdos, Warden of the Southern Ohio

Correctional Facility, located in Lucasville, Ohio, filed a motion to dismiss the instant case.

ECF Dkt. #10.  Petitioner executed and mailed his response (titled as a traverse) on March 17,

2016, and the response was filed on March 28, 2016.  ECF Dkt. #11.  Respondent did not file a

reply.

        For the following reasons, the undersigned recommends that the Court GRANT

Respondent's motion to dismiss (ECF Dkt. #10) and DISMISS Petitioner's habeas petition (ECF

Dkt. #2) with prejudice.

**I.      FACTUAL AND PROCEDURAL HISTORY**

        During the May 2001 term of the Cuyahoga County Grand Jury, Petitioner was indicted

on: one count of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.01,

with firearm specifications; one count of kidnapping in violation of O.R.C. § 2905.01; one count

---

[1]Ronald Erdos, rather than John Erdos, is the Warden of the Southern Ohio Correctional Facility

[2]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was
handed over to the prison mail system, not the date it was received and docketed by the federal habeas court.
*Houston v. Lack*, 487 U.S. 266, 270-72 (1988).  It is unclear why Petitioner's habeas petition was not filed
in the CM/ECF system until September 11, 2015.  In any event, Respondent agrees that the correct filing date
is the date Petitioner executed his habeas petition, August 28, 2015.  *See* ECF Dkt. #10 at 7.

of gross sexual imposition in violation of O.R.C. § 2907.05; one count of theft in violation of O.R.C. § 2913.02; one count of misuse of a credit card in violation of O.R.C. § 2913.21; one count of forgery in violation of O.R.C. § 2913.32; and one count of having weapons under disability in violation of O.R.C. § 2923.13. ECF Dkt. #10-1 at 4-11. Upon arraignment, Petitioner pleaded not guilty to the charges contained in the indictment. *Id.* at 12. On November 29, 2001 Petitioner, acting *pro se*, filed a motion to dismiss the indictment, which was overruled on February 11, 2002. *Id.* at 13. Also on February 11, 2002, Petitioner executed a waiver of his right to a jury trial, and the trial court later determined that Petitioner knowingly, intelligently, and voluntarily waived his right to a trial by jury. *Id.* at 16-17.

Following a bench trial, the court granted Petitioner's motion for acquittal as to the count of having weapons under disability and denied acquittal on all other counts. ECF Dkt. #10-1 at 19. The court found Petitioner guilty as to the counts of aggravated robbery, with firearm specifications, kidnapping, gross sexual imposition, and misuse of a credit card. *Id.* at 20. Petitioner was found not guilty as to the counts of theft and forgery. *Id.* The court held a sentencing hearing and sentenced Petitioner to an aggregate sentence of twenty-five and one-half years in prison. *Id.* at 21-23.

On April 19, 2002, Petitioner, through counsel, appealed the trial court's decision to the Eighth District Court of Appeals, asserting eleven assignments of error. ECF Dkt. #10-1 at 25-61. The State filed a brief in response. *Id.* at 62. The Eighth District Court of Appeals overruled all of Petitioner's assignments of error and affirmed the judgment of the trial court on March 20, 2003. *Id.* at 96-122.

Approximately four years later, on April 9, 2007, Petitioner, acting *pro se*, filed a motion for leave to file a delayed appeal and a notice of appeal in the Supreme Court of Ohio. ECF Dkt. #10-1 at 123; ECF Dkt. #10-2 at 4. The Supreme Court of Ohio denied Petitioner's motion for delayed appeal and dismissed the case on June 6, 2007. ECF Dkt. #10-2 at 8.

On August 13, 2007, Petitioner filed a motion to dismiss the complaint against him for lack of subject matter jurisdiction, claiming that the 2001 indictment against him was vague. ECF Dkt. #10-2 at 9-34. The trial court denied this motion on December 13, 2007. *Id.* at 35.

Petitioner filed a petition to vacate or set aside judgment of conviction or sentence on September 19, 2008, asserting ineffective assistance of counsel at trial for the failure to challenge the indictment as defective. *Id.* at 36-52. The State responded and Petitioner replied. *Id.* at 52-64. On August 5, 2009, Petitioner filed a motion for a ruling on his petition to vacate or set aside judgment of conviction or sentence. *Id.* at 65. Petitioner filed a motion to set aside and resentence on December 7, 2010. *Id.* at 67. On December 13, 2010, Petitioner filed a motion to submit evidence. *Id.* at 70. Petitioner's motion to set aside and resentence and motion to submit evidence were overruled on September 7, 2011. *Id.* On August 6, 2012, Petitioner filed a second motion to dismiss his indictment for lack of subject matter jurisdiction. *Id.* at 71. The State filed a brief in opposition. *Id.* at 77. On May 21, 2013, the court denied Petitioner's second motion to dismiss his indictment. *Id.* at 79.

Petitioner filed a motion for a delayed appeal and a notice of appeal in the Eighth District Court of Appeals on November 12, 2013 appealing the trial court's May 21, 2013 decision denying his second motion to dismiss his indictment, and presented six assignments of error. ECF Dkt. #10-2 at 80-119. The Eighth District Court of Appeals denied Petitioner's motion for a delayed appeal on December 12, 2013. *Id.* at 120. On December 14, 2014, Petitioner filed a notice of a delayed of appeal in the Supreme Court of Ohio. *Id.* at 121. The Supreme Court of Ohio characterized Petitioner's notice of appeal as a motion for a delayed appeal, and denied the motion on January 28, 2015. *Id.* at 135.

**II.      28 U.S.C. § 2254 PETITION**

Petitioner filed the instant petition for a writ of habeas corpus on August 28, 2015.[3] Petitioner's habeas petition raised the following grounds for relief:

> 1.    The severance remedy set forth in *State v. Holly*, 1999 Ohio App. Lexis 6101 and *State v. Cimpritz*, 158 Ohio St. 490, shows Petitioner's right to due process of law and the protection against ex post facto law as guaranteed by the due process and ex post facto clauses of the United States Constitution was violated.

---

[3]*See* n. 2, *supra.*

2.  The severance remedy set forth in *State v. Lanser*, 111 Ohio St. 23, shows Petitioner's right to due process of law and the protection against ex post facto law as guaranteed by the due process and ex post facto clauses of the United States Constitution was violated.

3.  The severance remedy set forth in *State v. Long,* 533 Ohio St.2d 91, 95-96, *State v. Coffey*, 2007 Ohio App. Lexis 15, and *State v. Logan*, (1979), 379 N.E.2d 1345, shows Petitioner's substantial rights and double jeopardy clauses of the United States Constitution were violated.

4.  The severance remedy set forth in *State v. Colon*, 2008 Ohio 1624 and *State v. Colon* (*Colon 2*), 2008 Ohio 3749, shows Petitioner's right to due process of law and ex post facto clauses of the United States was violated.

5.  The severance remedy set forth in *Strickland v. Washington*, 104 S.Ct. 2052, shows Petitioner's due process rights and the protection against ex post facto law as guaranteed by the due process and ex post facto clauses of the United States Constitution. [sic]

ECF Dkt. #2, #2-1 at 2-10.  Respondent filed a motion to dismiss Petitioner's habeas petition on January 27, 2016.  ECF Dkt. #10.  Petitioner executed and mailed his response (titled as a traverse) on March 17, 2016, and the response was filed on March 28, 2016.  ECF Dkt. #11. Respondent did not file a reply.

## III.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).  28 U.S.C. § 2244(d) provides, in part:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

-4-

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)    the date on which the impediment to filing created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual precedent of the claim or claims presented could have been exercised through the exercise of diligence.

## B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 22(b) and (c); *See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of

-5-

constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).   In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d

-6-

264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

## IV.  **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.  Decisions of lower federal courts may not be considered.

B.  Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.  The state court decision may be overturned only if:

1.  it '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.  the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.  'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.  the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it

should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine*, 986 F.2d at 1514.  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**V.**     **ANALYSIS**

    **A.**     **Statute of Limitations**

Respondent asserts that Petitioner's habeas petition is time-barred by the one-year AEDPA statute of limitations.  Continuing, Respondent claims that Petitioner is not entitled to statutory tolling or equitable tolling to excuse his tardiness.  ECF Dkt. #10 at 8-13.  Petitioner devotes a single sentence of his response to the issue of whether his habeas petition is time-barred by the statute of limitations, asserting:

> State has delayed this issue by saying time has run out and that these arguments has been argued before, but the records will show that (1) these arguments hasn't been brought forward by this Petitioner before (2) that these arguments are within the required time period from the time the Ohio Supreme Court decided his last motion (3) and that his issues has merit. [sic]

ECF Dkt. #11 at 7-8.  The remainder of Petitioner's response goes to the merits of his habeas petition.  *See* ECF Dkt. #11.

Petitioner's habeas petition is time-barred by the one-year statute of limitations imposed by the AEDPA.  The Eighth District Court of Appeals overruled all of Plaintiff's assignments of error and affirmed the decision of the trial court on March 20, 2003.  ECF Dkt. #10-1 at 96-122.  Petitioner failed to seek a timely appeal to the Supreme Court of Ohio within the forty-five days allotted for an appeal.[4]  Petitioner's conviction became final on May 4, 2003 following the expiration of the forty-five day period.  The one-year period for Petitioner to timely file his habeas petition began running on May 5, 2003, and expired on May 5, 2004.  Accordingly, Petitioner's habeas petition is time-barred unless he is entitled to statutory or equitable tolling.

Petitioner is not entitled to statutory tolling as he filed nothing to challenge his conviction for nearly three years following the date that his conviction became final, May 5, 2004.  The

---

[4]As of January 1, 2013, former Ohio Sup.Ct. R. II § 2(A)(1)(a) is now S.Ct.Prac.R. 7.01(A)(1)(a)(i). Both versions of the rule allow forty-five days for an appellant to file a notice of appeal in the Supreme Court of Ohio.

-10-

earliest date that Petitioner attempted to challenge his conviction was on April 9, 2007, when he filed an unsuccessful motion for leave to file a delayed appeal in the Supreme Court of Ohio. ECF Dkt. #10-1 at 123.  Respondent is correct in asserting that an unsuccessful delayed appeal does not restart the AEDPA limitations period and that once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. ECF Dkt. #10 at 10 (citing *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001)); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003) (internal citations omitted).  Accordingly, the AEDPA's one-year statute of limitations expired uninterrupted on May 5, 2004.

Likewise, Petitioner is not entitled to equitable tolling.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal citation omitted).  "Diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction." *Johnson v. United States*, 544 U.S. 295, 308 (2005). Petitioner has failed to show, or even argue, that he has diligently pursued his rights.  Petitioner waited nearly four years to appeal the March 20, 2003 decision of the Eighth District Court of Appeals to the Supreme Court of Ohio, has failed to appeal numerous decisions of the trial court regarding motions filed post-2007, and, in the single post-2007 motion that he did appeal to the Supreme Court of Ohio, the December 14, 2014 notice of a delayed appeal, Petitioner waited over a year from the decision of the Eighth District Court of Appeals to file his notice of delayed appeal.[5]  Moreover, nearly twelve years have passed since May 5, 2004, the expiration of the AEDPA statute of limitations for Petitioner to file his habeas petition.  Nothing about the manner in which Petitioner has filed his habeas petition suggests that he has taken prompt action in filing the petition.  Petitioner does not cite any extraordinary circumstances that hindered the preparation and filing of his habeas petition.  During the twelve years since his conviction

---

[5]The Supreme Court of Ohio characterized Petitioner's notice of appeal as a motion for a delayed appeal, and denied the motion on January 28, 2015.  ECF Dkt. #10-2 at 135.

became final, but well after the AEDPA statute of limitations had already expired in May 2004, Petitioner has filed numerous unsuccessful motions rather than prepare and file his habeas petition.  *See* ECF Dkt. #10-1, #10-2.  Accordingly, Petitioner has failed to satisfy either element that would entitle him to equitable tolling.

Petitioner's habeas petition was not filed within the one-year period pursuant to the statute of limitations imposed by the AEDPA, and Petitioner is not entitled to statutory or equitable tolling.  For these reasons, Petitioner's habeas petition is time-barred.

### B.    Concurrent Sentence Doctrine

Respondent also argues that the Court need not address Petitioner's habeas petition as he is serving a longer, concurrent sentence that he has challenged unsuccessfully.  ECF Dkt. #10 at 13.  The Sixth Circuit has been hesitant to apply the "concurrent sentence" doctrine.  *Winn v. Renico*, 175 Fed.Appx. 728, 732 (6th Cir. 2006) (citing *United States v. Greer*, 588 F.2d 1151, 1154 (6th Cir. 1978), *cert. denied*, 440 U.S. 983 (1979)); *see United States v. Jeter*, 775 F.2d 670, 682 (6th Cir. 1985), *cert. denied*, 475 U.S. 1142 (1986).  The undersigned recognizes the potential applicability of the "concurrent sentence" doctrine in this case, however, as Petitioner's habeas petition is time-barred, a discussion of this doctrine is not necessary.

## VI.    CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #10) and DISMISS Petitioner's habeas petition (ECF Dkt. #2) with prejudice.


DATE:   April 29, 2016              */s/ George J. Limbert*
                                    GEORGE J. LIMBERT
                                    UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).