**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Richard Stadmire,                                      Case No. 1:15CV1883

              Petitioner

              v.                                          **ORDER**

John Erdos, Warden,

              Respondent

This is a state prisoner's habeas corpus case.

After a 2002 bench trial in the Common Pleas Court of Cuyahoga County, Ohio, the court convicted the petitioner, Richard Stadmire, of aggravated robbery, kidnapping, gross sexual imposition, and misuse of a credit card. The court sentenced Stadmire to twenty-five-and-a-half years of imprisonment. *State v. Stadmire*, 2003-Ohio-873 (Ohio App.).

Pending is Magistrate Judge Limbert's Report and Recommendation, which concluded that the petition is untimely. (Doc. 13).

Stadmire has filed an objection (Doc. 18), a motion to reconsider the order denying his request to take discovery (Doc. 14), a motion to delay judgment (Doc. 17), and a motion for a certificate of appealability (Doc. 19).

Having conducted a de novo review of the R&R, I overrule Stadmire's objection, adopt the R&R as the order of the court, and dismiss the petition on statute-of-limitations grounds. I also deny each of Stadmire's motions.

### Discussion

### A. Statute of Limitations

The Magistrate Judge concluded that Stadmire's petition was untimely under 28 U.S.C. § 2244(d)(1)(A).

The Ohio Court of Appeals affirmed Stadmire's convictions and sentences on February 27, 2003, and journalized its decision on March 20, 2003. *Stadmire*, *supra*, 2003-Ohio-873; (Doc. 10–1 at 96). Stadmire then had forty-five days in which to petition the Ohio Supreme Court for discretionary review, *see* Ohio S. Ct. R. II § 2(A)(1), but he did not do so.

Accordingly, as Magistrate Judge Limbert correctly found, Stadmire's judgment of conviction became final on May 4, 2003, when the time to appeal to the Ohio Supreme Court expired. *Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653–54 (2012).

Thereafter, Stadmire took no steps to challenge his conviction, whether in state or federal court, until April, 2007, when he sought (unsuccessfully) leave to file a delayed appeal in the Ohio Supreme Court. (Doc. 13 at 2).

By that time, however, the federal statute of limitations had long since run. *Board v. Bradshaw*, 805 F.3d 769, 776 (6th Cir. 2015) (state postconviction litigation that starts after federal limitations period expires has no tolling effect under 28 U.S.C. § 2244(d)(2)). Nor has Stadmire objected to the Magistrate Judge's finding that he is not entitled to equitable tolling. (Doc. 13 at 11–12).

Stadmire's only response to the Magistrate Judge's timeliness ruling is that, in essence, his time to take a direct appeal has not even started to run.

According to Stadmire, Ohio law provides that a judgment of conviction does not constitute a final, appealable order unless it states, *inter alia*, whether the conviction resulted from a plea, a jury verdict, or a judge's finding. (Doc. 18 at 1); *see State v. Baker*, 119 Ohio St. 3d 197 (2008) (holding that, for purposes of Ohio Crim. R. 32(C), judgment of conviction is not appealable unless it specifies the means of conviction), *overruled in part by State v. Lester*, 130 Ohio St. 3d 303 (2011).

Because Stadmire's judgment does not comply with that mandate – it states only that "the defendant has been convicted" without specifying the means of conviction (Doc. 17–2 at 1) – Stadmire contends that there is no final, appealable order in his case, and that, perforce, his time to take a direct appeal will not start to run until the Common Pleas Court enters a judgment of conviction that complies with Ohio law.

This argument lacks merit, as the Ohio Court of Appeals held that Stadmire's judgment did comply with Ohio Crim. R. 32(C) and was therefore an appealable order:

> To the extent that Stadmire claims that his sentencing order is not a final, appealable order because it does not state the means of conviction, e.g., a jury verdict, his position is not well taken. In *State v. Lester*, — Ohio St. 3d —, 2011-Ohio-5204, — N.E.2d —, the Supreme Court of Ohio ruled that for purposes of Crim. R. 32(C) and R.C. 2505.02 a journal entry that states the fact of conviction, as compared to the means of conviction, satisfies the first requisite for a final, appealable order. A review of the subject journal entry reveals that the fact of his convictions is included.

*Stadmire v. Donnelly*, 2011-Ohio-6481, ¶2 (Ohio App.) (*Stadmire II*).

In light of the state appellate court's ruling, I reject Stadmire's argument that the limitations period under § 2244(d)(1)(A) has not started running, and I conclude that his petition, which he did not file until late August or mid-September, 2015,[1] is time-barred. *Compare Beard v. Banks*, 542

---

[1] Stadmire signed his petition on August 28, 2015 (Doc. 2 at 15), and the Clerk of Court filed it on September 11, 2015 (*id.* at 1). There is no evidence in the record, however, that Stadmire complied with Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District

3

U.S. 406, 412 (2004) (possibility that state court may reopen direct appeal "does not render convictions and sentences that are no longer subject to direct review nonfinal"), *with Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) ("where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)").

### B. Motions

I deny Stadmire's motion for reconsideration of the order denying his request to take discovery. (Doc. 14). The statute of limitations is a dispositive issue in this case, and Stadmire's motions do not seek information relevant to that issue. (Doc. 14 at 1–2) (requesting discovery about allegedly illegal searches of Stadmire's cell phone).

I also deny his motion to delay judgment. (Doc. 17). The crux of the motion is that Stadmire's judgment of conviction was not a final order, and that I should defer ruling on the petition until the Ohio courts have entered a final order, thereby permitting Stadmire to take a "proper" direct appeal.

But the Ohio Court of Appeals has already rejected that argument, *Stadmire II*, *supra*, 2011-Ohio-6481, at ¶2, and I have no authority to second-guess its interpretation of Ohio law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (internal brackets omitted).

---

Courts, which defines when a prisoner is entitled to the benefit of the mailbox rule. Given how late Stadmire's petition is, there is no need to decide the precise date on which he filed the petition. Nor do I have any occasion to address the Warden's argument that I should decline to adjudicate the petition on the basis of the concurrent-sentence doctrine. (Doc. 10 at 13–14).

Finally, I deny the motion for a certificate of appealability (Doc. 19) because reasonable judges would not debate that Stadmire's petition is untimely.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Stadmire's objection to the R&R (Doc. 18) be, and the same hereby is, overruled;

2. The R&R (Doc. 13) be, and the same hereby is, adopted as the order of the court;

3. The petition for a writ of habeas corpus (Doc. 2) be, and the same hereby is, dismissed with prejudice;

4. All outstanding motions (Docs. 14, 17, 19) be, and the same hereby are, denied;

5. No certificate of appealability will issue; and

6. In accordance with 28 U.S.C. § 1915(a)(3), I certify that an appeal from this decision could not be taken in good faith and will not be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge